55,687-05

IN THE SUPREME COURT FOR THE
STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 19 2015

Abel Acosta, Clerk

MILTON VERAN WILLIAMS,               )

    Petitioner,                         )
                         )

V.                                   )   Case No.
                          )   RE: Case No. WR-55,687-05;
TEXAS COURT OF CRIMINAL            )   Texas Court of Criminal
APPEALS; DALLAS COUNTY DISTRICT    )   Appeals.
COURT NO. 5 - COURT CLERK          )
(Fitzsimmons); et al.,             )

    Respondant (s).                     )

MOTION DENIED
DATE: 3-20-15
BY: PC

## MOTION TO ASSUME ORIGINAL JURISDICTION

    COMES NOW, Petitioner (Milton Veran Williams) (pro se), files the foregoing pleading requesting that the Supreme Court of Texas assume original jurisdiction of the above style cause due to the named Respondant(s) denial of Petitioner access to the court and public records in the Dallas County District Court No. 5 which violates the United States Constitution under the First Amendment rights. See, e.g., Stork v. Stork, Okla., 898 P. 2d 732 (1995).

## ARGUMENT AND AUTHORITY

  The First Amendment right of the U.S. Constitution guarantees all citizens reasonable access to the court.

Page    1    of    5

The Dallas County District Court No. 5 court clerk, as well as the Court of Criminal Appeals for the state of Texas has denied petitioner of said right without written order for said denial, (See attached Exh. #1 - 03/04/15 denial of motion for leave to file original application for writ of mandamus under Case No. WR-55,687-05 in the Court of Criminal Appeals for the State of Texas), and/or through their non-response to petitioner's filed pleadings in the district court.

On February 17, 2015, under the above style cause petitioner filed a request for leave of court for the Court of Criminal Appeals for the State of Texas to issue a writ of mandamus to the Dallas County District Court No. 5 Court Clerk (Fitzsimmons) because he continuously refuse to perform his sworn duties of the filing of petitioner's pleadings that dealt with the causes; Case No. F9573890-NL; (State of Texas v. Milton Veran Williams) and/or Writ No. W9573890-(A); Ex Parte Milton Williams)). where the former Dallas County District Court Clerk (Jim Hamlin) in the year of 1995 on July 24th mistakely recorded on petitioner's judgment and sentence form under the above stated cause that the date sentence was imposed was on July 24, 1995, (see Volume 339 on Page 122 of District Court records under the above stated cause), but the hearing transcripts under the same cause on the same date contradicts said recording because it reads "... It further appearing to the court that the best interest of the public and the defendant will be served by the 'suspension' of the imposition of

sentencing herein....'" (See attached Exh. # 4(a) in Volume 339 on Page 123 of the 07/24/95 Dallas County District Court No. 5 court records under Case No. F9573 890-NL; (State of Texas v. Milton Veran Williams)).

In a case similar to petitioner's present circumstances under <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165 (10th Cir. 1991) (granting mandamus to compel district court clerk to file the plaintiff's papers).

Apparently, the Court of Criminal Appeals for the State of Texas' March 04, 2015 denial without written order under Case No. WR-55,687-05 was a concede to have jurisdiction transferred to the Supreme Court for the State of Texas due to petitioner's cause being a constitutional claim of a due process violation from the said July 24, 1995 clerical error on the Judgment and Sentence under Case No. F-9573890-NL; (State of Texas v. Milton Veran Williams) that triggered a miscarriage of justice in a latter Oklahoma conviction in the year of 2002 under Case No. CF-01-11; (State of Oklahoma v. Milton Veran Williams).

The Dallas County District Court No. 5 sentencing Judge Manny Alverza during the writ of habeas corpus proceeding held under Case No. W9573890-(A); Ex Parte Milton Williams apparently recognized that the court clerk (Jim Hamlin) and/or deputy clerk (King) had inadvertantly placed the incorrect date that sentence was imposed to incorrectly state July 24, 1995, therefore he issued an order Designating Issues on February 07, 2003 where he stated, "<u>Having reviewed the Applicant's Application for</u>

Writ of Habeas Corpus, the Court finds that there are controverted, previously unresolved issues of fact which are material to the legality of Applicant's confinement..." (See attached Exh. #3 in the District Court records under Writ No. W9573890-(A) on February 07, 2003).

The District Court appointed (Fred C. McDaniel) as counsel to resolve the issues and prepare findings of fact and conclusions of law for the Court, but Mr. McDaniel never served Petitioner a copy of said findings of fact and conclusion of law nor inform Petitioner to the contents of said order, albeit the said order by Judge Alverza concluded by stating, "The Clerk of the Court is ordered to send a copy of this order to the Court of Criminal Appeals, Applicant, or Applicant's counsel if the Applicant is represented by counsel, and to counsel for the State."

The said appointed counsel (Fred C. McDaniel) nor the Dallas County District Court No. 5 (Jim Hamlin) never served Petitioner said order in violation of Petitioner's Fourteenth Amendment right to due process nor was a Nun Pro Tunc perform to amend the judgment to make it speak truth about what actually transpired or considered and adjudged in said causes in the Dallas County District Court No. 5, but rather have allowed petitioner to suffer the consequence of their said actions or in this case inactions.

Wherefore, premises considered, petitioner respectfully request the Honorable Supreme Court Justice assume original jurisdiction in petitioner's above style cause based on the non-response of the named respondant(s) causing the transfer of jurisdiction to the Supreme Court for the state

of Texas rendering the foregoing cause a civil matter of denial of access to court and the violation of Petitioner's Fourteenth Amendment rights of due process. Petitioner further request that this Honorable Court issue order to the named Respondant(s) to perform a Nun Pro Tunc of Petitioner's said District Court Judgment and Sentence under Case No. F-9573890-NL to correct the date that sentence was impose. Finally, serve Petitioner a certified copies of said documents along with copies of the docket sheets in both said proceedings.

Respectfully Submitted,
/S/ Milton V. Williams #399375 (ODOC)
Milton Veran Williams #399375 (ODOC)
Jim E. Hamilton Correctional Center
53468 Mineral Springs Road
Hodgen, Okla. 74939

<u>CERTIFICATE OF MAILING</u>

I, hereby certify, that a true and corrected copy of the foregoing was mailed postage prepaid, through the U.S. Postal Service on the <u>16th</u> day of March, 2015 to the below listed parties:

<u>SUPREME COURT FOR THE STATE OF TEXAS</u>
<u>ATTN: CLERK OF THE COURT</u>
<u>SUPREME COURT BLDG.,</u>
<u>201 WEST 14th ST. - RM #106</u>
<u>AUSTIN, TEXAS   78701</u>

cc:    Court of Criminal Appeals
        (State of Texas)
        Dallas County District Court No. 5
        (Judge Manny Alverza)

Milton V. Williams #399375 (ODOC)
(Affaint)

Page 5       of    5.